United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIQUE CRIDER, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>PACIFIC ACQUISITIONS & ASSOCIATES, LLC,<br><br>            Defendant. | Case No.14-cv-03498-NC<br><br>**ORDER REQUESTING ADDITIONAL INFORMATION IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 28 |

The Court has reviewed plaintiffs' memorandum of points and authorities in support of their motion for default judgment. Plaintiffs incorrectly claim that "[a]fter a default is entered, the Court's attention is focused on issues relating to the damages, as opposed to issues of liability." Dkt. No. 28 at 3-4. The Court considers the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiffs' substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong public policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986). Plaintiffs did not explicitly address these factors in their motion

Case No.:14-cv-03498-NC

and they should be prepared to address each at the hearing on October 7. Specifically, plaintiffs should be prepared to clarify the following:

- Since plaintiffs only address 15 U.S.C. § 1692 in their motion for default judgment, are they voluntarily dismissing their causes of action for violation of the California Rosenthal Fair Debt Collection Practices Act, and for intrusion upon seclusion addressed in their complaint?

- Is there any remedy under Delaware law that could reinstate Pacific as a corporation in good standing, and thus allow it to proceed in this action?

- Does the debt in question arise out of a transaction entered into for personal purposes? This is a requirement for liability under 15 U.S.C. § 1692 and plaintiffs have not provided facts related to the nature of their debt in their motion or complaint.

- When Ronnique Crider told Pacific on the telephone and via fax not to contact her at work, did Pacific know or have reason to know that Crider's employer *prohibited* her from receiving such contact? Or was the message simply that Crider did not want Pacific to contact her at work?

- Is there evidence that Pacific received Crider's faxed letter in order to establish liability under 15 U.S.C. § 1692c(c)?

- Do any of the three exceptions to § 1692c(c) apply in this case?

- What constitutes "harassment" under § 1692d? Please provide authority.

- Please provide authority from the Ninth Circuit that supports plaintiffs' claim for maximum statutory damages.

Case No.:14-cv-03498-NC                 2

- Please provide authority supporting plaintiffs' claim for emotional distress damages under the statute.
- Should this Court consider whether Pacific's lack of good standing in Delaware is the result of excusable neglect?

**IT IS SO ORDERED.**

Dated:  October 2, 2015                               _____
                                                                            NATHANAEL M. COUSINS
                                                                            United States Magistrate Judge

Case No.:14-cv-03498-NC           3